**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDDIE DEMOND SPILLER,

        Plaintiff,

    v.                              Case No. 04-CV-72815-DT

DR. JOEL SHAVELL and PATRICIA
GARNER-WILLIAMS,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION UPON *DE NOVO* REVIEW
AND GRANTING DEFENDANT PATRICIA GARNER-WILLIAMS'S "MOTION FOR
ENTRY OF JUDGMENT AS A MATTER OF LAW"**

       Before the court is United States Magistrate Judge Steven D. Pepe's Report and

Recommendation, which recommends that Defendant Patricia Garner-Williams's motion

for summary judgment in this civil rights lawsuit filed *pro se* by a Michigan prisoner be

granted.  By order of reference pursuant to 28 U.S.C. §636(b)(1)(A),(B) and Appendix C

of the local court rules, the case had been referred to the magistrate judge for review.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b)(1) and E. D. Mich. L.R.

72.1(d)(2), which have been responded to by Defendant.  The court will adopt the

Magistrate Judge's recommendation and will grant Defendant's motion for summary

judgment.

## I.  STANDARDS

### A.  Review of Reports and Recommendations

The filing of timely objections requires the court to "make a *de novo*
determination of those portions of the report or specified findings or recommendations
to which objection is made."  28 U.S.C. § 636(b)(1).  *See United States v. Raddatz*, 447
U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo*
review, in turn, requires this court to re-examine all the relevant evidence previously
reviewed by the magistrate to determine whether the recommendation should be
accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1); *Bankston v.
Commissioner of Soc. Sec.,* 127 F. Supp. 2d 820, 823 (E.D. Mich. 2000).  The court
may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously
presented is not sufficient to alert the court to alleged errors on the part of the
magistrate judge.  An "objection" that does nothing more than state a disagreement with
a magistrate's suggested resolution, or simply summarizes what has been presented
before, is not an "objection" as that term is used in this context.  A party who files timely
objections to a magistrate's report in order to preserve the right to appeal must be
mindful of the purpose of such objections: to provide the district court "with the
opportunity to consider the specific contentions of the parties and to correct any errors
immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in
*Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted
that "[t]he filing of objections to a magistrate's report enables the district judge to focus
attention on those issues--factual and legal--that are at the heart of the parties' dispute."

2

*Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B.  Fed. R. Civ. P. 56

The standards for review of motions for summary judgment are well known, have been set forth by the magistrate judge in his report, and with the exception of Plaintiff's apparent confusion at the nature of the standard of review, the parties do not dispute them. Although the court will not repeat the standards at length herein, it should be stated that under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. When a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3

## II.  PLAINTIFF'S OBJECTION

Plaintiff has presented one objection to the magistrate judge's report and recommendation, stating in essence that the magistrate judge erred in not taking Plaintiff's statements in the pleadings as true for purposes of the motion.

A proper objection should explain how the Magistrate Judge's analysis is alleged to have been wrong, why it was wrong, and how *de novo* review will achieve a different result.  An objecting party may not simply "incorporate by reference" earlier pleadings; similarly, merely reproducing an earlier unsuccessful motion for summary judgment (or an unsuccessful response to the other party's motion) is not a sufficient objection to the Magistrate Judge's analysis, and will ordinarily be treated by the court as an unavailing general objection.  *See Howard, supra.*

## III.  DISCUSSION

The court has reviewed the summary of facts underlying the Magistrate Judge's report, and finds that they are supported by the pleadings and submissions of the parties.  The court has also reviewed the conclusions of law recommended by the report, and finds them each to be correct.  The Magistrate Judge's recommendations of application of law to the facts and pleadings of this case are likewise well reasoned and correct.

Plaintiff alleges an Eight Amendment "deliberate indifference" count against Defendant Nurse Patricia Garner-Williams.  To succeed on a claim of deliberate indifference, plaintiff must show that he had a "serious medical need," and that the Defendant, aware of the need, acted with deliberate indifference to it.  *Wilson v. Seiter,* 501 U.S. 298, 300 (1991).  Deliberate indifference has been defined by federal courts

4

as more than mere negligence but less than actual intent. *Farmer v. Brennan,* 511 U.S. 825 (1994). An official, such as Defendant nurse here, "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Negligence, even "gross negligence" by prison officials, is not enough to support a deliberate indifference claim. *Ribble v. Lucky,* 817 F. Supp. 653, 655 (E.D. Mich. 1993).

The magistrate judge suggests that:

> notwithstanding the equivocal evidence as to whether Plaintiff was experiencing a serious medical need that day, there is not sufficient evidence that Defendant Garner-Williams actually drew the inference that Plaintiff was experiencing a substantial risk of serious harm.

(3/28/05 R & R at 9.)

The court agrees. Plaintiff has provided no *evidence* that being taken to the Health Care unit and later being placed in observation was a "serious threat" to his health. There is not sufficient evidence for a jury to conclude that, on the day in question, Defendant Garner-Williams either recognized a serious medical need (i.e., that she was "aware of facts from which the inference could be drawn") or that she responded inappropriately to Plaintiff's medical condition (i.e., that she drew the inference that a substantial risk of harm existed). Instead, Defendant Garner doubted that Plaintiff was actually unconscious based on his movements and level of alertness. There is no evidence presented to the court that the delay in having Plaintiff taken to the Health Care unit resulted in any harm to him.

## IV. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation as the

findings and conclusions of this court.

IT IS ORDERED that Defendant Patricia Garner-Williams' motion for summary

judgment [Dkt. # 27] is GRANTED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  June 6, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 6, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\04-72815.SPILLER.AdoptingRandR.wpd