**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDDIE SPILLER,**
    Plaintiff,

                                            Civil Action No. 04-72815

vs.                                **HONORABLE ROBERT H. CLELAND**
                                            **HONORABLE STEVEN D. PEPE**

**DR. JOEL SHAVELL,**
    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (#41)**

    Eddie Spiller is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). On July 28, 2004, he filed this action under 42 U.S.C.§ 1983 against several defendants in their official and individual capacities. An order of dismissal was entered regarding Defendant Correctional Medical Services on February 1, 2005, and an order granting Defendant Patricia Garner Williams summary disposition was entered on June 6, 2005. Plaintiff alleges claims of cruel and unusual punishment and deliberate indifference to medical needs against the remaining Defendant, Dr. Joel Shavell. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed an application for appointment of counsel on July 28, 2004, which was denied on September 2, 2004, and filed this second application on March 31, 2005.

    Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the

type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success.  *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint focuses on claims of inadequate medical care and cruel and unusual punishment inflicted by the Defendant.  The factual issues raised by Plaintiff are clear and straightforward.  As stated in this Court's previous Order, Plaintiff has demonstrated in his complaint that he understands the legal issues and can present these issues to a Court in a satisfactory manner.  Plaintiff indicates that he will feels that will not be able to interview witnesses and conduct depositions while incarcerated.  Yet, the witnesses involved in this matter all appear to be employed by and/or located within the MDOC and there is no reason to believe that Plaintiff will be denied access to these persons.  Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

SO ORDERED.

Dated: June 24, 2005  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that on June 24, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Ronald Chapman</u>, and I further certify that I mailed a copy to the following non-ECF participant: <u>Eddie Spiller</u>.

<u>s/William Barkholz</u>
Case Manager

2:04-cv-72815-RHC-SDP   Doc # 52   Filed 06/24/05   Pg 3 of 3   Pg ID 865